IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID LEONARD SWEENEY,
      Plaintiff,

v.                            Case No. 3:11cv516/MCR/CJK

MITCH MCCONNEL,
HARRY REID,
JOHN A. BOEHNER,
NANCY PELOSI, and
BARACK OBAMA,
        Defendants.

_____

<u>REPORT AND RECOMMENDATION</u>

    Plaintiff, proceeding *pro se*, has filed suit against four members of Congress and the President of the United States, claiming they accept bribes from lobbyists. (Doc. 1). After careful review of plaintiff's complaint, the Court concludes this case should be dismissed for lack of standing.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff David Leonard Sweeney sues Senator Mitch McConnell, Senator Harry Reid, Representative John Boehner, Representative Nancy Pelosi and President Barack Obama, alleging that each defendant:

> has received campaign contributions and lobbying money that was given to them, and accepted, in order to influence how the recipients would vote on forthcoming legislation, legislation changes, or not changing

> existing laws.  Defendants have received hundreds, thousands, and
> millions of dollar bribes while campaigning for office; after being
> elected to office, they continue to accept moneys from lobbyists who are
> trying to influence how the politician votes on legislation.

(Doc. 1, p. 3).  Plaintiff goes on to define "lobbyist" and "bribe," asserting that
"[s]uch events occur daily, weekly, and whenever legislation is being considered in
Congress and during months and years prior to elections." (*Id.*).  Plaintiff identifies
his legal claim as:  "I claim that the President, and Congress have broken the law by
accepting bribes from millionaires, billionaires, large corporations, unions and other
organizations." (*Id.*, p. 4).  As relief, plaintiff requests "that all money obtained from
lobbying be taken from individual congressmen and the President and deposited into
the United States Treasury to reduce any Federal Deficit or to pay down the National
Debt." (*Id.*).

## DISCUSSION

Before the court can consider the merits of plaintiff's claims, plaintiff must
demonstrate that he has standing, in other words, that he is entitled to invoke the
judicial process. *Florida Wildlife Fed'n, Inc. v. South Florida Water Mgmnt. Dist.*,
647 F.3d 1296, 1302 (11th Cir. 2011) ("The Supreme Court has long recognized that
. . . federal courts cannot exercise jurisdiction over cases where the parties lack
standing. . . .).  To establish standing, plaintiff must demonstrate:  (1) an injury in
fact; (2) caused by the conduct complained of; (3) and that such injury is likely to be
redressed by a favorable judicial decision.  *Lujan v. Defenders of Wildlife*, 504 U.S.
555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  The essence of the injury
requirement is that a plaintiff must "allege such a personal stake in the outcome of the
controversy as to assure that concrete adverseness which sharpens the presentation

of issues upon which the court so largely depends for illumination of difficult constitutional issues." *Baker v. Carr*, 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962).  The Supreme Court has explained:

> Abstract injury is not enough.  It must be alleged that the plaintiff "has sustained or is immediately in danger of sustaining some direct injury" as the result of the challenged statute or official conduct. *Massachusetts v. Mellon*, 262 U.S. 447, 488, 43 S. Ct. 597, 601, 67 L. Ed. 1078 (1923). The injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical."  *Golden v. Zwickler*, 394 U.S. 103, 109-110, 89 S. Ct. 956, 960, 22 L. Ed. 2d 113 (1969).

*California Bankers Ass'n v. Shultz*, 416 U.S. 21, 68, 94 S. Ct. 1494, 1521, 39 L. Ed. 2d 812 (1974) (other citations omitted); *Lujan*, 504 U.S. at 560 (holding that the alleged injury cannot be so abstract as to make the claim incapable of, or otherwise not suitable for, judicial resolution).  Even if concrete, the injury must be one that is "legally protected." *McConnell v. Fed. Election Comm'n*, 540 U.S. 93, 227, 124 S. Ct. 619, 157 L. Ed. 2d 491 (2003) (quoting *Lujan*, 504 U.S. at 560).

In this case, plaintiff claims the defendants are guilty of bribery.  Plaintiff fails to establish, however, that he sustained or is in immediate danger of sustaining direct personal injury either as the result of the defendants' conduct, or as the result of the non-enforcement of the criminal laws against the defendants.  As the Supreme Court explained in *Linda R.S. v. Richard D.*, 410 U.S. 614, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973), "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Id*. at 619, 93 S. Ct. at 1149.  The absence of this right, according to the Court, stems from the "special status of criminal prosecutions in our system," which rejects a "direct nexus between the vindication of [a victim's] interest and the enforcement of . . . criminal laws." *Id*.  "The government, not private citizens,

prosecutes crimes." *Williams v. Univ. of Ala. Hosp. at Birmingham*, 353 F. App'x 397, 398 (11th Cir. 2009) (dismissing plaintiff's claims of bribery for lack of standing); *United States v. Friedland*, 83 F.3d 1531, 1539 (3rd Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). As plaintiff lacks standing to pursue his claims, this case should be dismissed.  Fed. R. Civ. P. 12(h)(3) (2011) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  The deficiencies in plaintiff's complaint cannot be cured by amendment.  Thus, dismissal is appropriate.

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED for lack of jurisdiction, and that the Clerk be directed to close the file.

At Pensacola, Florida this 1st day of November, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).